■ ANTHONY M. BENTLEY, Respondent, v JLT SERVICES CORPORATION et al., Appellants. [794 NYS2d 46]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 21, 2003, which denied defendant Aetna US Healthcare's motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint and denied defendant JLT Services Corporation's cross motion for summary judgment dismissing

the complaint, unanimously reversed, on the law, without costs, and the motions, insofar as seeking summary judgment, granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In 1999, plaintiff attorney enrolled in a group managed care health plan offered by the New York County Lawyers' Association. As a solo practitioner, one particularly attractive feature of the plan was that it offered coverage to "groups" consisting of only one person. Pursuant to an agreement between defendants, JLT acted as third-party administrator of the plan established by Aetna, the health maintenance organization. The agreement provides, in material part: "It is the responsibility of [JLT] to notify the Subscribers of the termination of the Group Agreement in compliance with all applicable laws, except that [Aetna] will notify the Subscribers in cases where [Aetna] ceases to offer coverage in the market or ceases to offer coverage of a specific product in the market in accordance with state law."

Since it was not required by law to offer health care coverage to a "group" consisting of a single individual, Aetna requested that JLT ascertain the number of persons in all covered groups. JLT then advised plaintiff that it intended to withdraw its medical plan for "groups of one" and that replacement coverage would be available through GHI, effective October 1, 2001. Plaintiff took no action to avail himself of substitute coverage.

In late October, JLT issued plaintiff a refund check due to "Termination of Coverage." Plaintiff returned the check, contending that the refund was unauthorized under the plan and contrary to the Public Health Law and the Insurance Law. JLT promptly issued another check with a letter stating that his coverage was terminated, which plaintiff also returned, asserting that notice of termination was "a legal nullity." JLT issued a third check, informing plaintiff that "returning your premium refund check to our office will not reinstate your coverage." Plaintiff again returned the check, stating that it is "for the Courts to decide whether the carrier's rejection of medical benefits is proper." Subsequent premium checks sent directly to Aetna by plaintiff were returned to him, with a letter noting that he no longer received health care benefits from the carrier.

Plaintiff then commenced an action in the Small Claims Part of Civil Court as well as a declaratory judgment action in Supreme Court, which were subsequently consolidated. The complaint, as amended, describes defendants as "partners in the health insurance business" and seeks a declaration that defendants unlawfully terminated plaintiff's health insurance benefits and failed to apprise him of his rights as required by law.

In response to the instant dismissal motions, plaintiff contended that defendants are required to comply with the notice provisions contained in Insurance Law § 3216 (g) (2) (B) and § 3221 (p) (3) (A). Supreme Court denied defendants' motions, rejecting Aetna's argument that the statutory provisions are inapposite. The court further concluded that the agreement between defendants presents a triable question of fact concerning whether notice to plaintiff is required. We disagree.

Defendants have no statutory or contractual duty to provide plaintiff with notification. Insurance Law § 3221 (p) (3) (A) states:

"In any case in which an insurer decides to discontinue offering a particular class of group or blanket policy of hospital, surgical or medical expense insurance . . . the policy of such class may be discontinued by the insurer . . . only if:

"(i) the insurer provides written notice to each policyholder . . . at least ninety days prior to the date of discontinuance of such coverage."

This provision is applicable only to "group" or "blanket" insurance coverage. Insurance Law § 4235 (a) provides that a group policy "covers more than one person." Similarly, plaintiff was not insured under a "blanket" policy, as described in Insurance Law § 4237.

Insurance Law § 3216 (g) (2) is likewise inapplicable:

"In any case in which an insurer decides to discontinue offering a class of hospital, surgical or medical expense policies in the individual health insurance market, coverage of the class of policies may be discontinued by the insurer only if: . . .

"(B) the insurer provides written notice of such discontinuance to each covered individual at least ninety days prior to the date of discontinuance of such coverage." This provision applies only to an insured who is covered by an individual, not a group, policy. Moreover, Aetna did not discontinue offering a particular "class" of insurance, as provided in the statutory provisions; it merely discontinued the eligibility of single individuals participating in group plans.

The agreement between defendants expressly provides that it does not "confer any rights or obligations on third parties," with certain exceptions not applicable here. The agreement was not terminated, as contemplated by the notice provision, so as to require JLT to notify subscribers to the plan. Nor did Aetna cease to offer coverage, either in toto or in a specific product, so as to implicate its duty to notify subscribers "in accordance with state law." Thus, even if plaintiff were a third-party bene-

ficiary of the agreement between defendants, which he is not, plaintiff has failed to identify any provision, contractual or statutory, requiring either defendant to provide any particular notice of discontinuance under these circumstances. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.